## GREGORY v. KEATING et al.

### No. 12,472; May 22, 1888.

#### 18 Pac. 389.

Appeal—Dismissal.—From a Decree of Foreclosure defendants appealed. Respondent moved to dismiss the appeal, and in support thereof filed affidavits as follows: That appellants had threatened, in case of foreclosure sale, to resist the issuing of a writ of assistance to place the purchaser in possession thereof; that the property was insufficient security for the debt, its value decreasing, with danger, by reason of noninsurance, of further loss; that appellants were insolvent, and had stated their appeal to be for purposes of delay and vexation; that the amount of the undertaking on the appeal was insufficient to cover the probable deficiency that would arise from the foreclosure sale, and was fixed by a judge other than that of the trial court, in chambers, without notice to or knowledge of respondents; that the trial court refused to set aside said undertaking, or increase the amount thereof, because the supreme court alone had jurisdiction after the appeal was taken; and that appellants had deposited no money in court to perfect their appeal. Held, that this showing was insufficient to support such motion.

Appeal—Issue of Execution Pending Appeal.—In such case the facts alleged are insufficient to support a motion to issue an execution or grant an order of sale pending the appeal.

Appeal—Motion to Advance Hearing.—In such case a motion to advance the hearing of the cause will be denied.

55 *P.W.*

APPEAL from Superior Court, City and County of San Francisco; E. B. Mahon, Judge.

Motions by respondents to dismiss appeal, advance cause for hearing, and to direct court below to issue execution or to order a sale of the property in controversy. In support of the motions respondents filed two affidavits, which were as follows:

"James B. Gregory, being duly sworn, deposes as follows: I am the plaintiff and respondent in the above-entitled action. I reside in Scotland, and was residing there at the time of the commencement of the said action. By advice of my counsel, I came to San Francisco in December, 1886, to attend as a witness on the trial of said action. I am advised by my said counsel that it would not be prudent for me to be absent from the state of California in case the mortgaged property described in my complaint in said action should be sold to me under foreclosure, for the reason that the defendant Mary Jane Keating has threatened that she will resist any application that shall be made for a writ of assistance to place the purchaser into possession, and that in such case my presence and testimony would be necessary for the protection of my rights or the rights of any such purchaser against such opposition on the part of said Mary Jane Keating. There is now due to me on the judgment of foreclosure in said action the sum of $12,822, with interest thereon from February 21, 1887, besides $107, costs, and $500, allowed for counsel fees. The only security which I have for the payment of said debt consists of a leasehold interest in the land described in said complaint, and of the buildings thereon. The value of said security does not now exceed $12,000, and the value thereof diminishes from day to day as the lease under which the same are held will expire on the 1st day of June, 1893, and for the further reason that the said defendants neglect to keep the said buildings in repair, and refuse to insure the same for my benefit against loss by fire. The defendant Denis Keating has threatened and declared that he will hold possession of the said leasehold premises until the expiration of the term of the said lease, and, for the purpose of such delay and vexatious hindrance, he has taken an appeal from the said

judgment, the transcript on said appeal being filed with the clerk of this honorable court on the —— day of December, 1887, to which reference is hereby made. The defendants have no property, and neither of them has any property other than the leasehold interest aforesaid. The sum of $3,300, specified in the undertaking on appeal set forth in said transcript, is totally inadequate to secure the payment of the deficiency arising, or that may arise, upon the sale under the said judgment. The said cause was tried by the Honorable James G. Maguire, judge of the superior court of the state of California, in and for said city and county, and the said amount was fixed for the stay of execution on said judgment by order of the Honorable E. B. Mahon, judge of the superior court of Marin county, made by him at chambers, and not in open court; that the said order was made without notice to me or to my attorney. After the notice of appeal was given, and undertaking on appeal was filed, in said action in the court below, I made a motion for an order to set aside the said order, and to set aside the undertaking given in pursuance thereof, and for the issuance of an order of sale pursuant to said judgment, on the ground that the said undertaking is insufficient for stay of execution on said judgment; that the amount fixed as aforesaid for such stay was inadequate, and on the ground that the said judge who made the said order fixing the said amount had no jurisdiction, and on the ground that the said order was made without notice to me or to my attorney. The said motion was heard in open court by the said Hon. James G. Maguire, the judge thereof, after due notice given to the attorney for the defendants, but was denied upon the sole ground that the said superior court had no jurisdiction of the matter after an appeal had been taken to the supreme court, and that my only remedy would be recourse to the supreme court.

"JAMES B. GREGORY.

"Subscribed and sworn to before me, January 6, 1888.

"CHAS. T. STANLEY,

"Notary Public."

"Alexander H. Loughborough, being duly sworn, deposes and says that he is the attorney for the respondent in the above-entitled action; that the said respondent has never

waived the undertaking required for the perfection of the appeals, or any of them, in said action; that the appellants have not, and that neither of them has, made any deposit of money in court for the perfection of the appeals, or either of them, in said action; and that the said appellants have not, and that neither of them has, given or filed any undertaking or appeal further or other than appears in the transcript of appeal in said action filed in this court. And this deponent further says that the order fixing the amount of the undertaking set forth at folios 393 and 394 of the said transcript was made without notice to this affiant, and that the same was not made by the judge of the court which rendered the final judgment in that action, but was made at chambers by Hon. E. B. Mahon, who was then judge of the superior court of Marin county; that this affiant, upon behalf of the respondent, and upon due notice to the appellants, and upon affidavits showing the inadequacy of the amount fixed by the said order, moved the superior court of the city and county of San Francisco, department four, the Honorable James G. Maguire presiding, on the 30th day of November, 1887, for an order setting aside the aforesaid order made at chambers by the said Judge Mahon, and to increase the amount required for the stay of execution; but the said motion was denied solely upon the ground that the superior court had no jurisdiction to grant such motion, and that such relief could be granted only by the honorable the supreme court of the state of California.

"A. H. LOUGHBOROUGH.

"Subscribed and sworn to before me this 27th day of January, A. D. 1888.

"CHAS. T. STANLEY,
"Notary Public."

Michael Mullany for appellants; A. H. Loughborough (Carter P. Pomeroy of counsel) for respondent.

Per CURIAM.—The motions of respondent herein to dismiss the appeals of the appellants, and to advance the hearing of the cause, and to direct the court below to issue an execution or order of sale are hereby denied.